UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DARREL JOHN LA CHAPELLE,<br>Defendant. | Case No.   CR-12-00222-001 PJH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE**<br><br>Re: Docket No. 44 |

Before the court is the motion, filed *pro se*, of defendant Darrel John La Chapelle to terminate or modify the term of supervised release. The court determines that the matter is suitable for decision without response from the government and without oral argument. La Chapelle's motion to terminate or modify the term of supervised release is DENIED for the reasons set forth below.

## BACKGROUND

On September 23, 2015, La Chapelle admitted to charges One through Five of the Amended Form 12 Petition dated August 6, 2015. (Doc. No. 43). The charges were as follows: (One) committing another federal, state, or local crime, based on an arrest for driving under the influence; (Two) failing to abstain from use of alcoholic beverages; (Three) failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (Four) failing to submit monthly supervision reports; and (Five) leaving the judicial district without permission of the court or probation officer. *Id.* La Chapelle was sentenced to ten months in prison and three years of supervised release. The court further ordered the payment of criminal monetary

1  penalties as originally imposed, less payments received, of a $300 special assessment,
2  and $950,002.80 restitution.  La Chapelle represents that supervision was scheduled to
3  commence on April 11, 2016.

## LEGAL STANDARD

Early termination and modification of supervised release is governed by 18 U.S.C. section 3583(e), which requires the court to consider the "factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).  Section 3583(e) provides the court with the authority to "revoke, discharge, or modify terms and conditions of supervised release" to account for unforeseen circumstances, such as "exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).  Under section 3583(e)(1), the court has the authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release."  Under section 3583(e)(2), the court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  Ninth Circuit authority recognizes that "consistent with a district court's broad discretion in imposing terms of supervised release, the language of section 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

## DISCUSSION

Under the plain language of section 3583(e)(1), the court does not have the authority to consider the issue of early termination of supervised release because La Chapelle has not completed at least one year of his three-year term of supervised

2

release.  Section 3583(e)(1) requires  "the expiration of one year of supervised release" before the court may order termination of supervised release.  La Chapelle filed the instant motion while he was still in custody, indicating that he was scheduled to be released from prison on April 11, 2016.  Because La Chapelle's motion for termination of supervised release is premature, the court has no authority to consider the issue at this time.

With respect to La Chapelle's request for modification of supervised release, La Chapelle has not demonstrated a change in section 3553(a) factors that the court considered at the time of sentencing, such as the nature of the offense, the need for deterrence, and the need to protect the public.  Nor has La Chapelle demonstrated exceptionally good behavior or other circumstances warranting modification of the conditions of supervised release.  See Miller, 205 F.3d at 1101.  In his request, La Chapelle refers to health problems and poor living conditions that he has experienced while in prison as the basis for termination or modification of his term of supervised release.  La Chapelle has not demonstrated that his health concerns render the previously imposed conditions of supervised release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).  See Gross, 307 F.3d at 1044.  Furthermore, his circumstances while in prison do not warrant modification of supervised release at this time.

## CONCLUSION

The motion of Darrel John La Chapelle for termination or modification of supervised release is DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2016

PHYLLIS J. HAMILTON
United States District Judge